UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY SCOT ARMSTRONG, JR.
Inmate No. 653330,

       Petitioner,

                Case No. 24-cv-
                Hon.

vs.

ADAM DOUGLAS,
WARDEN: SAGINAW CORRECTIONAL FACILITY,

       Respondent.
_____/
SANFORD A. SCHULMAN
Attorney for the Petitioner
    RODNEY SCOT ARMSTRONG, JR.
    Inmate No. 653330
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
_____/

## PETITIONER RODNEY SCOT ARMSTRONG, JR. PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES the Petitioner RODNEY SCOT ARMSTRONG, JR., by and through his attorney, SANFORD A. SCHULMAN, and hereby states in support of his Petition for Writ of Habeas Corpus as follows:

1. RODNEY SCOT ARMSTRONG, JR., Inmate No. 653330, is a citizen of the United States is domiciled in Michigan, and is currently unconstitutionally imprisoned in Freeland, Michigan at the SAGINAW CORRECTIONAL FACILITY

2. RODNEY SCOT ARMSTRONG, JR. is currently unconstitutionally detained and imprisoned by the Respondent, ADAM DOUGLAS, warden at the SAGINAW CORRECTIONAL FACILITY, Freeland, Michigan where RODNEY SCOT ARMSTRONG, JR. is currently housed.

3. Defendant was convicted in the City of Grand Rapids, Kent County, after a jury trial of 2 counts of Assault With Intent To Murder (AWIM), MCL 750.83, Felon in Possession of a Firearm (FIP), MCL 750.224F and Felony Firearm (FF), MCL 750.227B for a June 18, 2014 shooting. On March 24, 2016, Defendant Armstrong was sentenced as a Habitual Offender Fourth (MCL 769.121 A) to two concurrent terms of Life (for FIP and one count of AWIM), 40-60 years for the second conviction of AWIM, and a consecutive term of two years for felony firearm.

4. The Michigan Court of Appeals on December 14, 2017 in case number 332793 addressed the issues raised by the petitioner that included the following arguments:  1) the prosecutor imporoperly elicited false testimony from the teenaged witnesses and failed to correct the falsehood and that the prosecutor improperly vouched for the teenaged witnesses' identifcation testimony; 2) that the trial court prevented the petitioner from presenting a defense when it precluded a witness, who was present at the Rosa Parks Circle during the fighting, from testifying that he heard and unidentified black male threatten to shoot someone and 3) that the prosecutor committed misconduct by showing the jury a compiliation video during closing argument and that this was "newly

created evidence." The Michigan Court of Appeals affirmed the verdict and sentence.

5. A timely application for leave to appeal was filed in case number 15174 and the Michigan Supreme Court denied the application for leave to appeal.

6. The petitioner therafter filed a Motion for Relief from Judgment and Motion for New Trial based on Newly Discovered Evidece in the trial court which was filed on or about December 12, 2019 and an Order Denying Motion for Relief from Judgment was entered on June 28, 2023. The petitioner filed a Motion for Reconsideration which was subsequetly denied by the trial court. The following issues were raised:

I. TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT/APPELLANT's MOTION FOR RELIEF FROM JUDGMENT BASED ON A VIOLATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL (i) FAILED TO SEEK AN ADJOURNMENT OF THE PRELIMINARY EXAMINATION; (ii) FAILED TO RETAIN AN IDENTIFICATION EXPERT AND A 'GANG" EXPERT; (iii) FAILED TO CONDUCT A THOROUGH PRETRIAL INVESTIGATION INTO LAY WITNESSES WHO, THE DEFENDANT/APPELLANT CLAIMS, WOULD HAVE SUPPORTED HIS MISIDENTICATION AND ALIBI DEFENSE AND (iv) FAILED TO OBJECT TO NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT.

II. THE JURY VERDICT FORM WAS DEFECTIVE BECAUSE IT FAILED TO PROVIDE FOR AN OPTION OF "NOT GUILTY" AS TO EACH OF THE LESSER INCLUDED OFFENSES CHARGED BASED ON PEOPLE vs. WADE, 283 Mich App 462, 771 N.W.2d 447 WHICH HELD THAT THE VERDICT FORM IS DEFECTIVE REQUIRING REVERSAL WHEN IT DOES NOT GIVE THE JURY THE OPPORTUNITY TO RETURN A GENERAL VEDICT OF NOT GUILTY AND AFFIRMED BY THIS COURT IN PEOPLE vs. ERGANIAN, 512 Mich. 930, 994 N.W.2d 749 (2023)

III. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT/APPELLANT's REQUEST FOR A NEW TRIAL BASED IN PART ON RES GESTAE WITNESSM ARTIN BROYLES AND SHANE TORIS AND THEIR PROFFERED SWORN STATEMENT IN SUPPORT WHEN THE

TESTIMONY IS NEWLY DISCOVERED, NOT MERELY CUMULATIVE, COUILD NOT HAVE BEEN REASONABLY PRODUCED AT TRIAL AND MAKES A DIFFERENT RESULT PROBABLE ON RETRIAL

7. The Michigan Court of Appeals denied the petitioner's Delayed Application for Leave to Appeal in case number 367581 Appeal on January 4, 2024.

8. On August 30, 2024, the Michigan Supreme Court denied the applciation to leave to appeal the January 4, 2024 order of the Michigan Court of Appeals.

9. The petitioner has exhausted his state appellate rights

10. RODNEY SCOT ARMSTRONG, JR., is being detained unconstitutionally because the trial court denied the petitioner's constitutional right to a fair trial in violation of the Sixth and Fourteenth Amendments to the US Constitution for the reasons set forth.

11. RODNEY SCOT ARMSTRONG, JR. has not filed any previous Petition for Writ of Habeas Corpus in this or any other federal district court.

12. The instant petition is timely brought within the one-year statute of limitations for habeas corpus actions under 28 U.S.C. 2244(d)(1)(A) and 2254.

13. As stated above, the Michigan Supreme Court denied petitioner's application for leave to appeal on August 30, 2024 and no further appeals were filed in any court including the United States Supreme Court to which the petitioner had ninety days to seek a writ of certiorari as well as one year thereafter to file this petition

.

3

WHEREFORE, the Plaintiff/Petitioner, RODNEY SCOT ARMSTRONG, JR., by and through his attorney, SANFORD A. SCHULMAN, respectfully requests this Honorable Court:

A. That Respondent be required to appear and answer the allegations of this Petition;

B  That after full consideration, this Court relieve RODNEY SCOT ARMSTRONG, JR., of the unconstitutional restraint on his liberty;

C. That this Court grant such other, further, and different relief as the Court may deem just and proper under the circumstances; and,

D,  That this Court set the matter for an evidentiary hearing on any and all issues preserved and presented;

E. That this Court grant oral argument in this matter.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Attorney for the Petitioner
    RODNEY SCOT ARMSTRONG, JR.
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740

Date:  October 20, 2024

4